Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.

---

HERNÁNDEZ, PLAINTIFF AND APPELLANT, *v.* BENET, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Mayagüez in an Action to Recover Money Unduly Paid.

No. 1609.—Decided March 29, 1917.

COSTS—PAYMENT UNDER ERROR—RES JUDICATA—IDENTITY OF SUBJECT-MATTER, CAUSES OF ACTION, AND PARTIES.—In this case certain orders were entered approving bills of costs, disbursements and attorney fees, and the creditors therein assigned their rights to a third person who collected the amounts allowed from the party adjudged to pay the same. Later, the said party sued the assignee for the recovery of the sum of certain items included in the bills and his complaint was dismissed on the ground of *res judicata.*

*Held:* That as the assignee was the successor in interest of the creditors, according to section 1219 of the Civil Code the litigants in this case are the same as those in the proceedings for the approval of the bills of costs; that there is a perfect identity of subject-matters and causes of action, inasmuch as the question considered and decided in the affirmative in said proceedings was whether the items included in the bills of costs should be allowed and the question involved in this case is the same, or whether they were justly paid; and that the only ground upon which this action could be sustained would be that the said items were paid under error, and this would nullify the former order which has the force of *res judicata.*

ID.—JUDGMENT—EXECUTION—ACTION TO SET ASIDE.—Judgment having been entered against a party for the payment of different items included in a bill of costs, disbursements and attorney fees, a subsequent action will not lie for the recovery of items paid under error on the ground that there was no obligation to pay some of the items; for the litigants should avail themselves of all their means of defense in the respective actions in order to avoid confusion or uncertainty, which would arise if independent actions could be brought on the various grounds to which the parties might resort in order to attack a judgment after execution.

ID.—DISCRETION OF COURT—TEMERITY OR MALICE.—When it is not shown that the lower court abused its discretion in entering an order for costs, its findings regarding temerity and malice on the part of the defeated party in prosecuting his suit will not be disturbed.

The facts are stated in the opinion.

The appellant appeared *pro se.*

The appellee appeared *pro se.*

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

In cases Nos. 2712, 2772 and 2967 filed in the District Court of Mayagüez, the first being an action of intervention in ownership of real property by Emilio Arán Cuascú against Agustín Hernández Mena *et al.,* the second an action for annulment by Agustín Hernández Mena against Alejandrina Blanco Ramírez and Emilio Arán Cuascú, and the third also an action for annulment by Alejandrina Blanco Ramírez against Agustín Hernández Mena and others, the said court sustained the complaint in case No. 2712 with costs against defendant Agustín Hernández Mena, nonsuited Agustín Hernández Mena in case No. 2772, with costs, and adjudged that Agustín Hernández Mena should pay his own costs and one-half of the plaintiff's costs in case No. 2967, the plaintiff to pay the other half.

In each of the said cases the corresponding memorandum was presented, including various items of outlay for costs, expenses, disbursements and attorney fees, and these were approved over the objection of Hernández Mena, the memorandum in case No. 2712 amounting to $123.70, in case No. 2772 to $112.70, and in case No. 2967 to $120.90, or a total of $357.30, of which only $23.25 were for costs, the balance of $334.05 being for expenses, disbursements and attorney fees.

Agustín Hernández Mena appealed from the orders of the District Court of Mayagüez approving the said memorandums of costs and his appeals were dismissed, this court having affirmed the judgments entered in the three cases mentioned as well as the orders approving the memorandums of costs.

Execution issued and the items of $123.70, $112.70 and $120.90, aggregating $357.30, were collected in cash from Hernández Mena and paid to José Benet Colón, the assignee by a public instrument of the claims of Alejandrina Blanco Ramírez and Emilio Arán Cuascú against Agustín Hernández Mena for costs in each of the said actions.

Based on the foregoing facts and alleging that Benet Colón was legally entitled to only $23.25, the amount of the costs taxed against Hernández Mena, and not to the $334.05, the amount of the expenses, disbursements and attorney fees, Hernández Mena claims that Benet Colón should be adjudged to refund to him the said $334.05 as wrongfully collected, together with legal interest from August 31, 1914, the date on which he received the said sum.

José Benet Colón answered the foregoing complaint, denying that he had wrongfully collected the amount claimed by the plaintiff and alleging as new matter of special defense that the claim and all matters set up in the complaint had been adjudicated in cases Nos. 2712, 2772 and 2967 filed in the District Court of Mayagüez and therefore constituted *res judicata.* The defendant also filed a cross-complaint,

praying that the plaintiff be adjudged to pay him the sum
of $69.72 as interest on the items due from Hernández Mena
which he failed to pay when they became due.

The case went to trial and on June 30, 1916, the District
Court of Mayagüez dismissed the complaint and the cross-
complaint with the costs against Agustín Hernández Mena,
who appealed from the said judgment in so far as it dismissed
the complaint and imposed on him the costs.

The court based its judgment on the ground that the
facts alleged in the complaint constitute *res judicata,* and the
appellant contends that the court erred in so holding in viola-
tion of section 1219 of the Civil Code in its relation to other
concordant sections of the Law of Evidence.

Section 1219 of the Civil Code reads in part as follows:

"In order that the presumption of the *res adjudicata* may be valid
in another suit, it is necessary that, between the case decided by the
sentence and that in which the same is invoked, there be the most
perfect identity between the things, causes and persons of the liti-
gants, and their capacity as such.

"It is understood that there is identity of persons whenever the
litigants of the second suit are legal representatives of those who
litigated in the preceding suit, or when they are jointly bound with
them (?) or by the relations established by the indivisibility of presta-
tions among those having a right to demand them, or the obligation
to satisfy the same."

The orders approving the memorandums of costs were en-
tered in cases Nos. 2712, 2772 and 2967, in which Emilio Arán
Cuascú, Alejandrina Blanco Ramírez and Agustín Hernán-
dez Mena were parties, the first two appearing as creditors
in the proceedings for the approval of the memorandums of
costs and Hernández Mena as debtor, and while Alejandrina
Blanco Ramírez and Emilio Arán Cuascú are not parties to
the present action, José Benet Colón is as assignee of or
successor to their rights. According to the section tran-
scribed, the parties to the proceedings for the taxation of
the costs are the same for all legal purposes as the parties

to the case at bar.    There is also the most perfect identity of
subject-matter and causes of action, since the question of
whether or not the different items included in the memoran-
dums of costs, expenses, disbursements and attorney fees
originating in cases Nos. 2712, 2772 and 2967 were due and
owing was at issue in the proceedings for the approval of
the memorandums of costs and it was held that such items
were due, while in the present case the question is, in part
if not in whole, the same—that is, whether the said items were
properly paid and consequently whether the items for ex-
penses, disbursements and attorney fees were due.    If the
complaint originating the present action should be sustained,
the ground of such decision would necessarily be the undue
payment of the items for expenses, disbursements and at-
torney fees, which payment was formerly adjudged to be just,
and consequently the former decision which has the force of
*res judicata* would have no effect.

And it is immaterial that the objection to the memorandums
of costs was not made upon the ground that the expenses,
disbursements and attorney fees were not included in the
costs imposed upon Hernández Mena, for, as we said in the
case of *González* v. *Méndez et al.,* 15 P. R. R. 682, quoting the
doctrine laid down by the Supreme Court of Spain in its
judgment of March 14, 1898, "it is in the respective actions
that the litigants must employ all their means of defense for
the purpose of avoiding the disturbances and insecurity which
would arise if the various reasons which might be advanced
by the parties to attack a judgment after becoming final were
considered as independent actions."

As it has been finally adjudged that Agustín Hernández
Mena should pay the various items included in the memoran-
dums of costs under consideration, it cannot be held in the
present case, without violating the very statutes invoked by
Hernández Mena in support of this appeal, that he was not
bound to pay some of those items.

As, therefore, the presumption of *res judicata* on which

the judgment appealed from is based exists, it would be useless to consider the grounds alleged by the appellant to show that the amount he seeks to recover was wrongfully collected from him.

Hernández Mena also alleges that the court erred in imposing the costs upon him, for although the complaint was dismissed in all its parts his action was justified, and, furthermore, the cross-complaint was dismissed in all its parts.

We do not find that the Mayagüez court abused its discretion in its holding as to the payment of costs, and, therefore, shall not disturb its ruling as to temerity or malice on the part of Hernández Mena in bringing his action. See *Vivas et al.* v. *Hernaiz, Targa & Co.*, 24 P. R. R. 779.

For the foregoing reasons the judgment appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.